UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVANTE CONTRACTING CORP. and UPLAND
SPECIALTY INSURANCE COMPANY,

                           Plaintiffs,

      -against-

NORTHFIELD INSURANCE COMPANY,

                        Defendant.

Case No.
1:23-cv-10842 (ALC) (JW)

**PARTIAL
JUDGMENT**

Plaintiffs Avante Contracting Corp. ("Avante") and Upland Specialty Insurance Company ("Upland"), having duly moved, pursuant to Rule 56, for partial summary judgment declaring that Defendant Northfield Insurance Company ("Northfield") has a duty to defend Avante in an underlying personal injury lawsuit styled *Byron Dario Cuzco v. Riseboro TPT X Housing Development Fund Corporation, et al.*, pending in the New York State Supreme Court, Kings County (the "Underlying Action") and reimburse Upland for the defense costs and expenses incurred in defending the Underlying Action, and Northfield having duly cross-moved, pursuant to Rule 56, for summary judgment declaring that Northfield has no duty to defend or indemnify Riseboro TPT X Housing Development Fund Corporation and Avante in the Underlying Action; and said motion and cross-motion having come on to be heard before the Hon. Andrew L. Carter, Jr., United States District Judgment, Southern District of New York, at the United States Courthouse, 40 Foley Square, New York, New York 10007, and an Order, dated September 20, 2025, having been duly made by the Hon. Andrew L. Carter, Jr. granting Plaintiffs' motion for partial summary judgment and denying Defendant Northfield's motion for summary judgment,

NOW, upon the motion of Smith Mazure, P.C., attorneys for Plaintiffs, it is

1

ADJUDGED and DECLARED, that the Defendant Northfield has a duty to defend Avante in the Underlying Action; and

ADJUDGED and DECLARED that Defendant Northfield shall pay Upland eighty five thousand ($85,000.00) dollars within thirty (30) days for reimbursement of attorneys' fees, expenses, disbursements and other costs incurred in defending Avante in the Underlying Action prior to February 10, 2026. The Court retains jurisdiction to address all remaining claims or issued in this matter.

The Court further declines to enter this as a final partial judgment under Rule 54(b), finds that there is just reason for delay, and this partial judgment remains interlocutory pending resolution of all remaining claims.

SO ORDERED

Dated: June 12, 2026
New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

2